## IN THE UNITED STATES BANKRUPTCY COURT
## EASTERN DISTRICT OF VIRGINIA
### Richmond Division

**In re: Catherine Martin Lederle**                    **Case No. 10-37728-KRH**
**AKA Cathie Martin Lederle**
**Debtor**                                              **Chapter 13**


Address:  717 Keats Road
          Richmond, VA 23229

Last four digits of Social Security No(s):    xxx-xx-9674 (Debtor)

### NOTICE OF MOTION TO QUASH SUBPOENAS AND REQUEST FOR SANCTIONS

Catherine Martin Lederle ("Lederle"), has filed a Motion to Quash Subpoenas and
Request for Santions pursuant to Federal Rules of Bankruptcy Procedure 9016,
incorporating Federal Rules of Civil Procedure 45.

**Your rights may be affected.  You should read these papers carefully and discuss
them with your attorney, if you have one. Pursuant to Local Bankruptcy Rule
9013-1(H), notice is hereby given that, unless a written response is filed with the
Clerk of Court and served on the moving parties within fourteen (14) days of this
notice, objecting to the relief requested, the Court may deem any opposition
waived, treat the Motion as conceded, and issue an order granting the requested
relief.**

### PURSUANT TO LOCAL RULE 9013-1(H), NOTICE IS HEREBY GIVEN THAT
### ANY OBJECTION TO THIS MOTION SHALL BE MADE
### WITHIN FOURTEEN (14) DAYS HEREOF.

if you want to be heard on this matter, you or your attorney must:

1.    File with the court, at the address below, a written response pursuant to
      Local Rule 9013-1(H). If you mail your response to the Court for filing, you
      must mail it early enough so that the Court will **receive** it on or before the
      date stated above.

                    Clerk of Court
                    United States Bankruptcy Court
                    701 E. Broad Street,  Room 4000
                    Richmond, VA 23219-3515

Mark C. Leffler (VSB#40712)
Boleman Law Firm, P.C.
P. O. Box 11588
Richmond, VA 23230-1588
Telephone (804) 358-9900
Counsel for Debtor(s)

2.      You must also mail a copy to:

Boleman Law Firm, P.C.
P. O. Box 11588
Richmond, VA 23230-1588

If you or your attorney do not take these steps, the Court may decide that you do not
oppose the relief sought in the Motion and may enter an Order granting that relief.

Respectfully submitted,

Catherine Martin Lederle

By Counsel:

/s/ Mark C. Leffler
Mark C. Leffler (VSB#40712)
Boleman Law Firm, P.C.
P. O. Box 11588
Richmond, Virginia 23230-1588
Telephone (804) 358-9900
Counsel for Debtors

## <u>CERTIFICATE OF SERVICE</u>

I certify that on June 20, 2013 I have transmitted a true copy of the foregoing application electronically through the Court's CM/ECF system or by mail to the Debtor, the Chapter13 trustee, the United States trustee, if other than by the electronic means provided for at Local Bankruptcy Rule 2002-1(d)(3), and to the parties in interest listed below at the addresses indicated.

/s/ Mark C. Leffler
Counsel for Debtors

Nathaniel L. Story
Hirschler Fleischer, P.C.
2100 East Cary Street
Richmond, Virginia 23218-0500

Gary I. Cohen, Esquire
Law Offices of Gary I Cohen, P.C.
1100 Summer Street, Suite 300
Stamford, Connecticut 06905

Norman E. Roberts, Esquire
Roberts Family Law
19 Old Kings Highway, Suite 210
Darien, Connecticut 06820

Albert Lederle
6219 Riptide Drive
Wilmington, North Carolina 28403

**IN THE UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF VIRGINIA**
**Richmond Division**

In re: Catherine Martin Lederle                                    Case No. 10-37728-KRH
**Debtors**                                                                       **Chapter 13**

## DEBTOR'S MOTION TO QUASH SUBPOENAS AND REQUEST FOR SANCTIONS

COMES NOW Catherine Martin Lederle ("Debtor"), by counsel, and moves the

Court, pursuant to Fed.R.Bankr.P. 9016, and Fed.R.Civ.P. 45 for an Order quashing the

Subpoenas issued on June 7, 2013, by Stevan Spivey ("Spivey"), who is acting through

his attorney, Nathaniel L. Story, Esquire ("Story") in the instant bankruptcy case, and for

an Order imposing sanctions upon Spivey and his attorney. As grounds for his Motion,

Debtor alleges as follows:

1.      On June 7, 2013, Spivey, through his attorney Story, issued four (4)

Subpoenas ("the Subpoenas") in the instant bankruptcy case.

2.      The Subpoenas were served on the Debtor, Gary I. Cohen, Esquire,

Norman A. Roberts, Esquire, and Albert Lederle commanding production of various

documents and correspondence related to any wills trusts, estate plans, or inheritances

that might be related to the Debtor by June 28, 2013, at 4:00 p.m., at the law firm of

Hirschler Fleischer, P.C. Additionally, Spivey, through Story, served the Debtor with a

document entitled "Notice of Subpoena" which has not been filed with the Court. A

complete copy of the Notice of Subpoena and the four Subpoenas are attached hereto

as "Exhibit A" and incorporated herein by this reference.

Mark C. Leffler (VSB #40712)
Boleman Law Firm, P.C.
2104 Laburnum Ave., Suite 201
Richmond, VA 23230-1588
Telephone (804) 358-9900
Counsel for Debtor(s)

3.      The Subpoenas were purportedly issued pursuant to Fed.R.Bankr.P.

9016 and Fed.R.Civ.P. 45, which are discovery tools available in "cases under the

Code". Fed.R.Bankr.P. 9016. Federal Rule of Bankruptcy Procedure 9002(1) further

explains that "cases under the Code" include "an adversary proceeding or . . .

proceedings . . . to determine any other contested matter." Fed.R.Bankr.P. 9002(1).

4.      As of June 7, 2013, there was no adversary proceeding or contested

matter open in this bankruptcy case, nor is there any open adversary proceeding or

contested matter now. Accordingly, Rule 9016 does not apply to allow Spivey or Story

to issue these Subpoenas. As such, the Subpoenas should be quashed as having no

basis under the Federal Rules.

5.      Pursuant to Rule 9016, incorporating Fed.R.Civ.P. 45(c)(1), Spivey and

Story are responsible to take "reasonable steps to avoid imposing undue burden or

expense" in the issuance of subpoenas.  Further, breach of this duty by either the party

or the attorney issuing such subpoena is punishable by "appropriate sanction, which

may include, but is not limited to, lost earnings and a reasonable attorney's fee."

Fed.R.Bankr.P. 9016, incorporating Fed.R.Civ.P. 45(c)(1).

6.      In light of the procedural posture of this bankruptcy case, i.e., there being

no active adversary proceeding or contested matter to which the Subpoenas might

apply, and because there are no open adversary proceedings or contested matters to

which any evidence produced pursuant to the Subpoenas would be relevant, the

Subpoenas impose an undue burden on the Debtor, Gary I. Cohen, Esquire, Norman A.

Roberts, and Albert Lederle.

7.      Pursuant to Rule 9016, Fed.R.Bankr.P., and Fed.R.Civ.P. 45(c)(3)(A)(iv),

such imposition of undue burden is grounds for quashing the Subpoenas and ordering

sanctions against Spivey and Story.

8.      Further, this is not the first time during the pendency of this bankruptcy

case that Spivey and his counsel have acted to obtain discovery outside the Bankruptcy

Rules. Specifically, on January 4, 2011, Spivey, by counsel, filed an Objection to

Confirmation of Chapter 13 Plan, thereby initiating a contested matter. Thereafter, on

January 14, 2011, Spivey, by counsel, filed a Motion for 2004 Examination rather than

use the applicable procedures governing discovery in contested matters found in Part

VII of the Federal Rules of Bankruptcy Procedure. Debtor timely objected to Spivey's

improper Motion for 2004 Examination but, due to Spivey's inappropriate actions, she

was forced to incur additional attorney fees payable to her counsel.

9.      Having caused undue burden to the Debtor, Gary I. Cohen, Esquire,

Norman A. Roberts, Esquire, and Albert Lederle, the Subpoenas should be quashed

and Spivey and his attorney should be sanctioned by the Court.

10.     Having previously violated the Federal Rules providing for discovery in

bankruptcy cases, Spivey and his counsel should be sanctioned in an amount

appropriate to compensate the Debtor and other parties subject to the Subpoenas for

having to respond thereto.

WHEREFORE the Debtor prays:

That the Court issue an Order quashing the Subpoenas issued by Spivey and his

counsel, Story, and imposing appropriate sanctions.

**Respectfully Submitted,**

Catherine Martin Lederle


By: /s/ Mark C. Leffler
Boleman Law Firm, P.C.
2104 Laburnum Ave., Suite 201
Richmond, VA 23230-1588
Telephone (804) 358-9900
Counsel for Debtor


## <u>CERTIFICATE OF SERVICE</u>

I certify that on June 20, 2013 I have transmitted a true copy of the foregoing application electronically through the Court's CM/ECF system or by mail to the Debtor, the Chapter13 trustee, the United States trustee, if other than by the electronic means provided for at Local Bankruptcy Rule 2002-1(d)(3), and to the parties in interest listed below at the addresses indicated.

/s/ Mark C. Leffler
Counsel for Debtor


Nathaniel L. Story
Hirschler Fleischer, P.C.
2100 East Cary Street
Richmond, Virginia 23218-0500

Gary I. Cohen, Esquire
Law Offices of Gary I Cohen, P.C.
1100 Summer Street, Suite 300
Stamford, Connecticut 06905

Norman E. Roberts, Esquire
Roberts Family Law
19 Old Kings Highway, Suite 210
Darien, Connecticut 06820

Albert Lederle
6219 Riptide Drive
Wilmington, North Carolina 28403

EXHIBIT A

## UNITED STATES BANKRUPTCY COURT
## EASTERN DISTRICT OF VIRGINIA
## RICHMOND DIVISION

In re:                                              Case No. 10-37728-KRH

CATHERINE MARTIN LEDERLE,                           Chapter 13

      Debtor.

---

### NOTICE OF SUBPOENA

**TO:**   **Catherine Martin Lederle**
     c/o counsel Mark C. Leffler
     Boleman Law Firm, P.C.
     Convergence Center III
     272 Bendix Road, Suite 130
     Virginia Beach, VA 23452
     Email: ecf@bolemanlaw.com

     **PLEASE TAKE NOTICE** that pursuant to Rule 45(b)(1) of the Federal Rules of Civil

Procedure, as made applicable herein by Rule 9016 of the Federal Rules of Bankruptcy

Procedure, Steven Spivey in this bankruptcy case, has issued *Subpoenae to Produce Documents*

to Catherine Martin Lederle, Gary I. Cohen, Esquire, Norman A. Roberts, and Albert Lederle.

Date:   June 7, 2013             STEVEN SPIVEY

                                     By: /s/ Nathaniel L. Story
                                         Counsel

David K. Spiro (VSB No. 28152)
Nathaniel L. Story (VSB No. 77364)
Hirschler Fleischer, P.C.
2100 East Cary Street
Richmond, Virginia 23218-0500
Telephone:   (804) 771-9500
Facsimile:   (804) 644-0957
E-mail:      dspiro@hf-law.com
             nstory@hf-law.com
*Counsel for Steven Spivey*

## CERTIFICATE OF SERVICE

I hereby certify that on June 7, 2013, a true and correct copy of the foregoing Notice was served via electronic mail and/or first class mail, postage prepaid, to:

**Robert E. Hyman**
P.O. Box 1780
Richmond, VA 23218-1780
(804) 775-0979
Email: station08@ricva.net
*Office of the U.S. Trustee*

and via certified mail, electronic mail and/or first class mail to:

**Catherine Martin Lederle**
c/o counsel Mark C. Leffler
Boleman Law Firm, P.C.
Convergence Center III
272 Bendix Road, Suite 130
Virginia Beach, VA 23452
757-313-3000
Email: ecf@bolemanlaw.com

/s/ Nathaniel L. Story
Counsel

5017808-1  088888.00827

B256 (Form 256 – Subpoena in a Case under the Bankruptcy Code) (12/07)

# UNITED STATES BANKRUPTCY COURT

District of _____ Connecticut

In re   Catherine Martin Lederle,
                    Debtor.

**SUBPOENA IN A CASE UNDER
THE BANKRUPTCY CODE**

Case No. * 3:10-bk-37728 - Eastern District of Virginia

To:   Catherine Martin Lederle
      c/o Mark C. Leffler, Boleman Law Firm, PC
      272 Bendix Road, Suite 130
      Virginia Beach, VA 23452

Chapter _____ 13

☐ YOU ARE COMMANDED to appear in the United States Bankruptcy Court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
| | |
| | DATE AND TIME |
| | |

☐ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|
| | |

☑ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):

See Attached "Exhibit A"

| PLACE | DATE AND TIME |
|---|---|
| Hirschler Fleischer, PC, Attn: Nathanial L. Story, Eqsuire 2100 East Cary Street, Richmond, Virginia 23223 | June 28, 2013, 4:00 p.m. |

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|
| | |

Any organization not a party to this proceeding that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify.  Rule 30(b)(6), Federal Rules of Civil Procedure, made applicable in bankruptcy cases and proceedings by Rules 1018, 7030, and 9014, Federal Rules of Bankruptcy Procedure.

| ISSUING OFFICER SIGNATURE AND TITLE | DATE |
|---|---|
| | 6.7.13 |

ISSUING OFFICER'S NAME, ADDRESS, AND PHONE NUMBER

Nathaniel L. Story, Esquire, Hirschler Fleischer, PC, 2100 East Cary Street, Richmond, Virginia 23223

* If the bankruptcy case is pending in a district other than the district in which the subpoena is issued, state the district under the case number.

Form 256 – Subpoena in a Case under the Bankruptcy Code (12/06)

## PROOF OF SERVICE

| | DATE | PLACE |
|---|---|---|
| **SERVED** | | |

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|
| | |

| SERVED BY (PRINT NAME) | TITLE |
|---|---|
| | |

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____

DATE

SIGNATURE OF SERVER

ADDRESS OF SERVER

Rule 45, Federal Rules of Civil Procedure, Subdivisions (c), (d), and (e), as amended on December 1, 2006, made applicable in cases under the Bankruptcy Code by Rule 9016, Federal Rules of Bankruptcy Procedure:

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.
(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction, which may include, but is not limited to, lost earnings and a reasonable attorney's fee.
(2) (A) A person commanded to produce and permit inspection, copying, testing, or sampling of designated electronically stored information, books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.
(B) Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection, copying, testing, or sampling may, within 14 days after service of the subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to producing any or all of the designated materials or inspection of the premises — or to producing electronically stored information in the form or forms requested. If objection is made, the party serving the subpoena shall not be entitled to inspect, copy, test, or sample the materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production, inspection, copying, testing, or sampling. Such an order to compel shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection, copying, testing, or sampling commanded.
(3) (A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it
(i) fails to allow reasonable time for compliance;
(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held;
(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies; or
(iv) subjects a person to undue burden.
(B) If a subpoena
(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or
(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or
(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject

to or affected by the subpoena, quash or modify the subpoena or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.
(1) (A) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.
(B) If a subpoena does not specify the form or forms for producing electronically stored information, a person responding to a subpoena must produce the information in a form or forms in which the person ordinarily maintains it or in a form or forms that are reasonably usable.
(C) A person responding to a subpoena need not produce the same electronically stored information in more than one form.
(D) A person responding to a subpoena need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or to quash, the person from whom discovery is sought must show that the information sought is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.
(2) (A) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial-preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.
(B) If information is produced in response to a subpoena that is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has and may not use or disclose the information until the claim is resolved. A receiving party may promptly present the information to the court under seal for a determination of the claim. If the receiving party disclosed the information before being notified, it must take reasonable steps to retrieve it. The person who produced the information must preserve the information until the claim is resolved.

(e) CONTEMPT. Failure of any person without adequate excuse to obey a subpoena served upon that person may be deemed a contempt of the court from which the subpoena issued. An adequate cause for failure to obey exists when a subpoena purports to require a nonparty to attend or produce at a place not within the limits provided by clause (ii) of subparagraph (c)(3)(A).

**EXHIBIT A**
**DOCUMENTS TO BE PRODUCED BY**
**CATHERINE MARTIN LEDERLE**

## Definitions

1.      As used herein, the terms "you" and "your" shall refer to Catherine Martin Lederle and to any and all agents, officers, directors, representatives, employees, attorneys, accountants and persons acting directly or indirectly for or on behalf of Lederle, either individually or collectively.

2.      As used herein, the term "Lederle" shall refer to Catherine Martin Lederle, party to the case styled Lederle v. Spivey, case no. FA 05-40040963-S pending in the state of Connecticut, and any subsequent matters arising from the facts and/or issues of same, as well as the same Catherine Martin Lederle, the debtor in a bankruptcy action pending in the Eastern District of Virginia, as Case No.: 10-37728-KRH.

3.      As used herein, the term "document" refers to any and all types of recorded information, including, but not limited to, typewritten, photostatic, or handwritten originals (or copies when originals are not available), and non-identical copies, photographs, recordings, or other data compilations from which information can be obtained by you through detection devices and be placed by you into reasonably usable form. "Document" shall also mean all tapes, discs, information on computer hard drives, paper and electronic media including hard disks, floppy disks, optical disks, CD-Rom disks, magnetic tapes, disaster recovery back-up, computer chips, conferencing or work sessions, electronic mail (e-mails and text messages), personal computers (home and office), laptop computers, computing units, personal information calendars, digital personal assistants, and any identifying markers placed on storage device containing the electronic data.

4.      As used herein, the term "correspondence" refers to any and all written or oral exchanges between any person or persons or entities, including, but not limited to, verbal conversations, telephone calls, letters, memoranda, reports, telegrams, electronic mail (e-mails and text messages), exhibits, drawings, notes and any other documents, as earlier defined, which conform, constitute, or relate to the communication.

5.      As used herein, the term "relating to" or "refer to" shall mean embody, comprise, represent, refer to, comment on, summarize, pertain to, concern, constitute, reflect, report on, result from, or set forth in any way the specified subject matter.

6.      As used herein, the singular of any word or phrase includes the plural.

7.      As used herein, the term "or" means and/or, and the term "and" means and/or.

### Documents Requested

1.      Any and all documents, including all correspondence, in your possession, which contain or refer to any will, trust, or other estate plans or documents from any person, which reference Lederle in any way, or reference or reflect any inheritance or other disposition to Lederle of any money, personal property, or real property.

B256 (Form 256 – Subpoena in a Case under the Bankruptcy Code) (12/07)

# UNITED STATES BANKRUPTCY COURT

District of _____ Connecticut _____

In re   Catherine Martin Lederle,
                    Debtor.

**SUBPOENA IN A CASE UNDER
THE BANKRUPTCY CODE**

Case No. * 3:10-bk-37728 - Eastern District of Virginia

To:   Gary I. Cohen, Esquire
      Law Offices of Gary I. Cohen, P.C.
      1100 Summer Street, Ste. 300
      Stamford, Connecticut 06905

Chapter _____ 13 _____

☐  YOU ARE COMMANDED to appear in the United States Bankruptcy Court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
|  | DATE AND TIME |

☐  YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|
|  |  |

☑  YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):

See Attached "Exhibit A"

| PLACE | DATE AND TIME |
|---|---|
| Hirschler Fleischer, PC, Attn: Nathanial L. Story, Eqsuire<br>2100 East Cary Street, Richmond, Virginia 23223 | June 28, 2013, 4:00 p.m. |

☐  YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|
|  |  |

Any organization not a party to this proceeding that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Rule 30(b)(6), Federal Rules of Civil Procedure, made applicable in bankruptcy cases and proceedings by Rules 1018, 7030, and 9014, Federal Rules of Bankruptcy Procedure.

| ISSUING OFFICER SIGNATURE AND TITLE | DATE |
|---|---|
|  | 6 . 7 . 13 |

ISSUING OFFICER'S NAME, ADDRESS, AND PHONE NUMBER
Nathaniel L. Story, Esquire, Hirschler Fleischer, PC, 2100 East Cary Street, Richmond, Virginia 23223

* If the bankruptcy case is pending in a district other than the district in which the subpoena is issued, state the district under the case number.

B256 (Form 256 – Subpoena in a Case under the Bankruptcy Code) (12/07)

## PROOF OF SERVICE

|  | DATE | | PLACE |
|---|---|---|---|
| **SERVED** | | | |

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|
| | |

| SERVED BY (PRINT NAME) | TITLE |
|---|---|
| | |

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____

            DATE

SIGNATURE OF SERVER

ADDRESS OF SERVER

Rule 45, Federal Rules of Civil Procedure, Subdivisions (c), (d), and (e), as amended on December 1, 2007, made applicable in cases under the Bankruptcy Code by Rule 9016, Federal Rules of Bankruptcy Procedure:

(c) Protecting a Person Subject to a Subpoena.
  (1) Avoiding Undue Burden or Expense; Sanctions. A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The issuing court must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.
  (2) Command to Produce Materials or Permit Inspection.
    (A) Appearance Not Required. A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
    (B) Objections. A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
      (i) At any time, on notice to the commanded person, the serving party may move the issuing court for an order compelling production or inspection.
      (ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.
  (3) Quashing or Modifying a Subpoena.
    (A) When Required. On timely motion, the issuing court must quash or modify a subpoena that:
      (i) fails to allow a reasonable time to comply;
      (ii) requires a person who is neither a party nor a party's officer to travel more than 100 miles from where that person resides, is employed, or regularly transacts business in person — except that, subject to Rule 45(c)(3)(B)(iii), the person may be commanded to attend a trial by traveling from any such place within the state where the trial is held;
      (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
      (iv) subjects a person to undue burden.
    (B) When Permitted. To protect a person subject to or affected by a subpoena, the issuing court may, on motion, quash or modify the subpoena if it requires:
      (i) disclosing a trade secret or other confidential research, development, or commercial information;
      (ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party; or
      (iii) a person who is neither a party nor a party's officer to incur substantial expense to travel more than 100 miles to attend trial
    (C) Specifying Conditions as an Alternative. In the circumstances described in Rule 45(c)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
      (i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
      (ii) ensures that the subpoenaed person will be reasonably compensated.

(d) Duties in Responding to a Subpoena.
  (1) Producing Documents or Electronically Stored Information. These procedures apply to producing documents or electronically stored information:
    (A) Documents. A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
    (B) Form for Producing Electronically Stored Information Not Specified. If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
    (C) Electronically Stored Information Produced in Only One Form. The person responding need not produce the same electronically stored information in more than one form.
    (D) Inaccessible Electronically Stored Information. The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.
  (2) Claiming Privilege or Protection.
    (A) Information Withheld. A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
      (i) expressly make the claim; and
      (ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
    (B) Information Produced. If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information to the court under seal for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

(e) Contempt.
The issuing court may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena. A nonparty's failure to obey must be excused if the subpoena purports to require the nonparty to attend or produce at a place outside the limits of Rule 45(c)(3)(A)(ii).

## EXHIBIT A
## DOCUMENTS TO BE PRODUCED BY
## LAW OFFICES OF GARY COHEN

### Definitions

1.      As used herein, the terms "you" and "your" shall refer to Law Offices of Gary Cohen ("Cohen"), and to any and all agents, officers, directors, representatives, employees, attorneys, accountants and persons acting directly or indirectly for or on behalf of Cohen, either individually or collectively.

2.      As used herein, the term "Lederle" shall refer to Catherine Martin Lederle, party to the case styled Lederle v. Spivey, case no. FA 05-40040963-S pending in the state of Connecticut, and any subsequent matters arising from the facts and/or issues of same, as well as the same Catherine Martin Lederle, the debtor in a bankruptcy action pending in the Eastern District of Virginia, as Case No.: 10-37728-KRH.

3.      As used herein, the term "document" refers to any and all types of recorded information, including, but not limited to, typewritten, photostatic, or handwritten originals (or copies when originals are not available), and non-identical copies, photographs, recordings, or other data compilations from which information can be obtained by you through detection devices and be placed by you into reasonably usable form. "Document" shall also mean all tapes, discs, information on computer hard drives, paper and electronic media including hard disks, floppy disks, optical disks, CD-Rom disks, magnetic tapes, disaster recovery back-up, computer chips, conferencing or work sessions, electronic mail (e-mails and text messages), personal computers (home and office), laptop computers, computing units, personal information calendars, digital personal assistants, and any identifying markers placed on storage device containing the electronic data.

4.      As used herein, the term "correspondence" refers to any and all written or oral exchanges between any person or persons or entities, including, but not limited to, verbal conversations, telephone calls, letters, memoranda, reports, telegrams, electronic mail (e-mails and text messages), exhibits, drawings, notes and any other documents, as earlier defined, which conform, constitute, or relate to the communication.

5.      As used herein, the term "relating to" or "refer to" shall mean embody, comprise, represent, refer to, comment on, summarize, pertain to, concern, constitute, reflect, report on, result from, or set forth in any way the specified subject matter.

6.      As used herein, the singular of any word or phrase includes the plural.

7.      As used herein, the term "or" means and/or, and the term "and" means and/or.

### Documents Requested

1.      Any and all documents, including all correspondence, in your possession, which contain or refer to any will, trust, or other estate plans or documents from any person, which reference Lederle in any way, or reference or reflect any inheritance or other disposition to Lederle of any money, personal property, or real property.

2.      Any and all bank books, records, monthly statements, computerized records, accounts, and deposits slips concerning any bank account or escrow account containing any funds held directly or indirectly by you for the benefit of Lederle, from the date of your firm's initial representation of Lederle through the present.

3.      Any bank books, records, monthly statements, deposit slips, computerized records, accounts, and withdrawal slips concerning any funds received by you from Lederle or anyone on her behalf, and any transfer of funds by you to or for the benefit of Lederle, from the date of your initial representation of Lederle through present.

4.      Any and all time records and billing statements relating to you and/or your firm's representation of Catherine Lederle, from the date of you and/or your firm's initial representation of Catherine Lederle though present.

5.      To the extent not otherwise set forth in your time records and billing statements, records of any adjustments made to Lederle's bills and time charges due to Marci Finkelstein's suspension from the practice of law in the State of Connecticut.

6.      Copies of all retainer and/or fee agreements entered into between you and Lederle, or anyone on her behalf.

B256 (Form 256 – Subpoena in a Case under the Bankruptcy Code) (12/07)

# UNITED STATES BANKRUPTCY COURT

District of _____ Connecticut _____

In re   Catherine Martin Lederle,
       Debtor.

**SUBPOENA IN A CASE UNDER
THE BANKRUPTCY CODE**

Case No. * 3:10-bk-37728 - Eastern District of Virginia

To:  Norman E. Roberts, Esquire
   Roberts Family Law
   19 Old Kings Highway, Ste. 210
   Darien, CT 06820

Chapter _____ 13 _____

☐ YOU ARE COMMANDED to appear in the United States Bankruptcy Court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
| | DATE AND TIME |

☐ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|
| | |

☑ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):

See Attached "Exhibit A"

| PLACE | DATE AND TIME |
|---|---|
| Hirschler Fleischer, PC, Attn: Nathanial L. Story, Eqsuire<br>2100 East Cary Street, Richmond, Virginia 23223 | June 28, 2013, 4:00 p.m. |

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|
| | |

  Any organization not a party to this proceeding that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify.  Rule 30(b)(6), Federal Rules of Civil Procedure, made applicable in bankruptcy cases and proceedings by Rules 1018, 7030, and 9014, Federal Rules of Bankruptcy Procedure.

| ISSUING OFFICER SIGNATURE AND TITLE | DATE |
|---|---|
| | 6.7.13 |

ISSUING OFFICER'S NAME, ADDRESS, AND PHONE NUMBER

Nathaniel L. Story, Esquire, Hirschler Fleischer, PC, 2100 East Cary Street, Richmond, Virginia 23223

* If the bankruptcy case is pending in a district other than the district in which the subpoena is issued, state the district under the case number.

B256 (Form 256 – Subpoena in a Case under the Bankruptcy Code) (12/07)

## PROOF OF SERVICE

| | DATE | PLACE |
|---|---|---|
| **SERVED** | | |

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|
| | |

| SERVED BY (PRINT NAME) | TITLE |
|---|---|
| | |

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____

DATE                          SIGNATURE OF SERVER

_____

ADDRESS OF SERVER

Rule 45, Federal Rules of Civil Procedure, Subdivisions (c), (d), and (e), as amended on December 1, 2007, made applicable in cases under the Bankruptcy Code by Rule 9016, Federal Rules of Bankruptcy Procedure:

(c) Protecting a Person Subject to a Subpoena.
　(1) Avoiding Undue Burden or Expense; Sanctions. A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The issuing court must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.
　(2) Command to Produce Materials or Permit Inspection.
　　(A) Appearance Not Required. A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
　　(B) Objections. A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
　　　(i) At any time, on notice to the commanded person, the serving party may move the issuing court for an order compelling production or inspection.
　　　(ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.
　(3) Quashing or Modifying a Subpoena.
　　(A) When Required. On timely motion, the issuing court must quash or modify a subpoena that:
　　　(i) fails to allow a reasonable time to comply;
　　　(ii) requires a person who is neither a party nor a party's officer to travel more than 100 miles from where that person resides, is employed, or regularly transacts business in person — except that, subject to Rule 45(c)(3)(B)(iii), the person may be commanded to attend a trial by traveling from any such place within the state where the trial is held;
　　　(iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
　　　(iv) subjects a person to undue burden.
　　(B) When Permitted. To protect a person subject to or affected by a subpoena, the issuing court may, on motion, quash or modify the subpoena if it requires:
　　　(i) disclosing a trade secret or other confidential research, development, or commercial information;
　　　(ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party; or
　　　(iii) a person who is neither a party nor a party's officer to incur substantial expense to travel more than 100 miles to attend trial
　　　(C) Specifying Conditions as an Alternative. In the circumstances described in Rule 45(c)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
　　　(i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
　　　(ii) ensures that the subpoenaed person will be reasonably compensated.

(d) Duties in Responding to a Subpoena.
　(1) Producing Documents or Electronically Stored Information. These procedures apply to producing documents or electronically stored information:
　　(A) Documents. A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
　　(B) Form for Producing Electronically Stored Information Not Specified. If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
　　(C) Electronically Stored Information Produced in Only One Form. The person responding need not produce the same electronically stored information in more than one form.
　　(D) Inaccessible Electronically Stored Information. The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.
　(2) Claiming Privilege or Protection.
　　(A) Information Withheld. A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
　　　(i) expressly make the claim; and
　　　(ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
　　(B) Information Produced. If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information to the court under seal for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

(e) Contempt.
The issuing court may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena. A nonparty's failure to obey must be excused if the subpoena purports to require the nonparty to attend or produce at a place outside the limits of Rule 45(c)(3)(A)(ii).

**EXHIBIT A**
**DOCUMENTS TO BE PRODUCED BY**
**ROBERTS FAMILY LAW**

### Definitions

1.    As used herein, the terms "you" and "your" shall refer to Roberts Family Law,

Norman A. Roberts, Esquire ("Roberts"), and to any and all agents, officers, directors,

representatives, employees, attorneys, accountants and persons acting directly or indirectly for or

on behalf of Roberts, either individually or collectively.

2.    As used herein, the term "Lederle" shall refer to Catherine Martin Lederle, party

to the case styled Lederle v. Spivey, case no. FA 05-40040963-S pending in the state of

Connecticut, and any subsequent matters arising from the facts and/or issues of same, as well as

the same Catherine Martin Lederle, the debtor in a bankruptcy action pending in the Eastern

District of Virginia, as Case No.: 10-37728-KRH.

3.    As used herein, the term "document" refers to any and all types of recorded

information, including, but not limited to, typewritten, photostatic, or handwritten originals (or

copies when originals are not available), and non-identical copies, photographs, recordings, or

other data compilations from which information can be obtained by you through detection

devices and be placed by you into reasonably usable form.  "Document" shall also mean all

tapes, discs, information on computer hard drives, paper and electronic media including hard

disks, floppy disks, optical disks, CD-Rom disks, magnetic tapes, disaster recovery back-up,

computer chips, conferencing or work sessions, electronic mail (e-mails and text messages),

personal computers (home and office), laptop computers, computing units, personal information

calendars, digital personal assistants, and any identifying markers placed on storage device

containing the electronic data.

1

4.      As used herein, the term "correspondence" refers to any and all written or oral exchanges between any person or persons or entities, including, but not limited to, verbal conversations, telephone calls, letters, memoranda, reports, telegrams, electronic mail (e-mails and text messages), exhibits, drawings, notes and any other documents, as earlier defined, which conform, constitute, or relate to the communication.

5.      As used herein, the term "relating to" or "refer to" shall mean embody, comprise, represent, refer to, comment on, summarize, pertain to, concern, constitute, reflect, report on, result from, or set forth in any way the specified subject matter.

6.      As used herein, the singular of any word or phrase includes the plural.

7.      As used herein, the term "or" means and/or, and the term "and" means and/or.

## Documents Requested

1.      Any and all documents, including all correspondence, in your possession, which contain or refer to any will, trust, or other estate plans or documents from any person, which reference Lederle in any way, or reference or reflect any inheritance or other disposition to Lederle of any money, personal property, or real property.

2.      Any and all emails, letters, or other correspondence you and/or your firm has sent to, or received from Richard A. Kent, Esq., and/or the firm of Meyers Breiner & Kent, L.L.P., in connection with your representation of Catherine Lederle."

B256 (Form 256 – Subpoena in a Case under the Bankruptcy Code) (12/07)

# UNITED STATES BANKRUPTCY COURT

Eastern _____ District of _____ North Carolina _____

| | |
|---|---|
| In re  Catherine Martin Lederle, <br>                        Debtor. | **SUBPOENA IN A CASE UNDER** <br> **THE BANKRUPTCY CODE** |

Case No. * 3:10-bk-37728 - Eastern District of Virginia

To:    Albert Lederle
     6219 Riptide Drive
     Wilmington, NC 28403
     910-256-0715

Chapter _____ 13 _____

☐ YOU ARE COMMANDED to appear in the United States Bankruptcy Court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
| | DATE AND TIME |

☐ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|
| | |

☑ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):

    See Attached "Exhibit A"

| PLACE | DATE AND TIME |
|---|---|
| Hirschler Fleischer, PC, Attn: Nathanial L. Story, Eqsuire <br> 2100 East Cary Street, Richmond, Virginia 23223 | June 28, 2013, 4:00 p.m. |

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|
| | |

    Any organization not a party to this proceeding that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify.  Rule 30(b)(6), Federal Rules of Civil Procedure, made applicable in bankruptcy cases and proceedings by Rules 1018, 7030, and 9014, Federal Rules of Bankruptcy Procedure.

| ISSUING OFFICER SIGNATURE AND TITLE | DATE |
|---|---|
| | 6.7.13 |

ISSUING OFFICER'S NAME, ADDRESS, AND PHONE NUMBER
Nathaniel L. Story, Esquire, Hirschler Fleischer, PC, 2100 East Cary Street, Richmond, Virginia 23223

* If the bankruptcy case is pending in a district other than the district in which the subpoena is issued, state the district under the case number.

B256 (Form 256 – Subpoena in a Case under the Bankruptcy Code) (12/07)

## PROOF OF SERVICE

|  | DATE | PLACE |
|---|---|---|
| **SERVED** |  |  |

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|
|  |  |

| SERVED BY (PRINT NAME) | TITLE |
|---|---|
|  |  |

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____

　　　　　　　　　　DATE

SIGNATURE OF SERVER

ADDRESS OF SERVER

Rule 45, Federal Rules of Civil Procedure, Subdivisions (c), (d), and (e), as amended on December 1, 2007, made applicable in cases under the Bankruptcy Code by Rule 9016, Federal Rules of Bankruptcy Procedure:

(c) Protecting a Person Subject to a Subpoena.
    (1) Avoiding Undue Burden or Expense; Sanctions. A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The issuing court must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.
    (2) Command to Produce Materials or Permit Inspection.
        (A) Appearance Not Required. A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
        (B) Objections. A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
            (i) At any time, on notice to the commanded person, the serving party may move the issuing court for an order compelling production or inspection.
            (ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.
    (3) Quashing or Modifying a Subpoena.
        (A) When Required. On timely motion, the issuing court must quash or modify a subpoena that:
            (i) fails to allow a reasonable time to comply;
            (ii) requires a person who is neither a party nor a party's officer to travel more than 100 miles from where that person resides, is employed, or regularly transacts business in person — except that, subject to Rule 45(c)(3)(B)(iii), the person may be commanded to attend a trial by traveling from any such place within the state where the trial is held;
            (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
            (iv) subjects a person to undue burden.
        (B) When Permitted. To protect a person subject to or affected by a subpoena, the issuing court may, on motion, quash or modify the subpoena if it requires:
            (i) disclosing a trade secret or other confidential research, development, or commercial information;
            (ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party; or
            (iii) a person who is neither a party nor a party's officer to incur substantial expense to travel more than 100 miles to attend trial
        (C) Specifying Conditions as an Alternative. In the circumstances described in Rule 45(c)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
            (i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
            (ii) ensures that the subpoenaed person will be reasonably compensated.

(d) Duties in Responding to a Subpoena.
    (1) Producing Documents or Electronically Stored Information. These procedures apply to producing documents or electronically stored information:
        (A) Documents. A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
        (B) Form for Producing Electronically Stored Information Not Specified. If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
        (C) Electronically Stored Information Produced in Only One Form. The person responding need not produce the same electronically stored information in more than one form.
        (D) Inaccessible Electronically Stored Information. The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.
    (2) Claiming Privilege or Protection.
        (A) Information Withheld. A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
            (i) expressly make the claim; and
            (ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
        (B) Information Produced. If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information to the court under seal for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

(e) Contempt.
The issuing court may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena. A nonparty's failure to obey must be excused if the subpoena purports to require the nonparty to attend or produce at a place outside the limits of Rule 45(c)(3)(A)(ii).

## EXHIBIT A
## DOCUMENTS TO BE PRODUCED BY
## ALBERT LEDERLE

### Definitions

1.      As used herein, the terms "you" and "your" shall refer to Albert Lederle and to

any and all agents, officers, directors, representatives, employees, attorneys, accountants and

persons acting directly or indirectly for or on behalf of Albert Lederle, either individually or

collectively.

2.      As used herein, the term "Lederle" shall refer to Catherine Martin Lederle, party

to the case styled Lederle v. Spivey, case no. FA 05-40040963-S pending in the state of

Connecticut, and any subsequent matters arising from the facts and/or issues of same, as well as

the same Catherine Martin Lederle, the debtor in a bankruptcy action pending in the Eastern

District of Virginia, as Case No.: 10-37728-KRH.

3.      As used herein, the term "Arthur Lederle" shall refer to Arthur Eugene Ledere,

date of birth on or about 9.17.1935 and date of death on or about 2.15.2013.

4.      As used herein, the term "document" refers to any and all types of recorded

information, including, but not limited to, typewritten, photostatic, or handwritten originals (or

copies when originals are not available), and non-identical copies, photographs, recordings, or

other data compilations from which information can be obtained by you through detection

devices and be placed by you into reasonably usable form.  "Document" shall also mean all

tapes, discs, information on computer hard drives, paper and electronic media including hard

disks, floppy disks, optical disks, CD-Rom disks, magnetic tapes, disaster recovery back-up,

computer chips, conferencing or work sessions, electronic mail (e-mails and text messages),

personal computers (home and office), laptop computers, computing units, personal information

calendars, digital personal assistants, and any identifying markers placed on storage device containing the electronic data.

5.     As used herein, the term "correspondence" refers to any and all written or oral exchanges between any person or persons or entities, including, but not limited to, verbal conversations, telephone calls, letters, memoranda, reports, telegrams, electronic mail (e-mails and text messages), exhibits, drawings, notes and any other documents, as earlier defined, which conform, constitute, or relate to the communication.

6.     As used herein, the term "relating to" or "refer to" shall mean embody, comprise, represent, refer to, comment on, summarize, pertain to, concern, constitute, reflect, report on, result from, or set forth in any way the specified subject matter.

7.     As used herein, the singular of any word or phrase includes the plural.

8.     As used herein, the term "or" means and/or, and the term "and" means and/or.

## Documents Requested

1.     Any and all documents, including all correspondence, in your possession, which contain or refer to any will, trust, or other estate plans, dispositions, or documents, which

A.  reference Arthur Lederle in any way;

B.  reference or reflect any inheritance or other disposition to Lederle of any money, personal property, or real property; and/or

C.  reference or describe the specific disposition of the assets and estate of Arthur Lederle, including the recipients and nature of all personal and real property of the estate.